IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY STUTSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:17-cv-8034-LSC |
| | ) | (2:93-cr-00152-LSC) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

The Court has before it Petitioner Anthony Stutson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the reasons stated below, the motion is due to be denied.

**I.   Background**

In August 1993, a superseding indictment was returned by the grand jury for the Northern District of Alabama in which Weatherly Stutson and her son, Anthony Stutson, were charged with maintaining and directing a continuing criminal enterprise in violation of 21 U.S.C. § 848. In addition, both Weatherly and Anthony were charged in nine counts alleging discrete violations of 21 U.S.C. §

841, or possession with the intent to distribute cocaine. Mother and son were also charged with nine separate violations of 21 U.S.C. § 843(b), using communications devices and the U.S. mails to facilitate drug transactions. In addition, sixteen defendants, including Weatherly and Anthony, were indicted for participation in a conspiracy to distribute and transport large quantities of illegal controlled substances from California to Alabama.

Following a two-month trial, Anthony and Weatherly were convicted of maintaining a continuing criminal enterprise, conspiracy, and substantive counts. Anthony Stutson was convicted of each of the nine counts of possession with the intent to distribute cocaine and eight counts of using communication devices to facilitate drug transactions. Both Weatherly and Anthony were also convicted of money laundering in violation of 18 U.S.C. § 1956. All thirteen of the defendants who went to trial, many of whom were family members, were convicted of criminal offenses including seven who were convicted only in the conspiracy count. Judgment was entered on July 5, 1994.

In an unpublished opinion, the Eleventh Circuit Court of Appeals affirmed Anthony Stutson's continuing criminal enterprise conviction pursuant to 21 U.S.C. § 848 but vacated the 21 U.S.C. § 846 conspiracy conviction and a conviction of 18 U.S.C. § 924(c). The appellate court affirmed the convictions for the nine

substantive distribution offenses and the seven convictions for violations of 21 U.S.C. § 843(b) and the money laundering count.

Stutson filed a motion pursuant to 28 U.S.C. § 2255 on February 2, 1999. *See Stutson v. United States*, 2:99-cv-8005-LSC-PWG. This Court denied the motion on the merits on March 30, 2005. The Eleventh Circuit Court of Appeals denied Stutson's motion for a certificate of appealability on July 26, 2005.

Stutson filed the instant § 2255 motion on July 25, 2017.

**II.  Discussion**

This is Stutson's second motion filed pursuant to § 2255. It is due to be denied for lack of jurisdiction. 28 U.S.C. §2255(h) requires Stutson to follow the procedures of 28 U.S.C. § 2244(b)(3)(A), which states, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Since Stutson has not received authorization from the Eleventh Circuit Court of Appeals to file this successive motion, the Court lacks jurisdiction to consider it. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

Even if this were Stutson's first 2255 motion, it would fail on the merits. Stutson seeks to apply the "Holloway Doctrine" pursuant to *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), to reduce his sentence as disproportionately severe. Stutson is not the first defendant to seek relief under the so-called "Holloway Doctrine," which is not a doctrine but a single case. Mr. Holloway received a stacked sentence of 691 months of imprisonment in the Eastern District of New York. In the *Holloway* case, finding no other available avenue of relief, the district judge issued an order requesting that the United States Attorney exercise her discretion to vacate two or more of convictions under 18 U.S.C. § 924(c). The request was initially declined, and the district judge asked for reconsideration. After reviewing Mr. Holloway's file, the government stated as follows:

> In terms of how to proceed, we would propose to withdraw our opposition to the pending Rule 60(b) motion, and also to state on the record that we wouldn't oppose the granting of the underlying § 2255 motion for the purpose of vesting the court with authority to vacate two of the § 924(c) convictions, and to proceed to resentence, all of that without taking a position on the merits of either the Rule 60 motion or the habeas petition.

68 F. Supp. 3d at 315. Mr. Holloway would not have been eligible for relief without the government's agreement, and the government has not agreed to any such

reduction in this case. Further, *Holloway* is not binding on the undersigned, and therefore the motion is also denied on this basis.

## III. Conclusion

For the foregoing reasons, Stutson's § 2255 motion is due to be denied.

Additionally, this Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Stutson's claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Stutson's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON OCTOBER 13, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704